IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-227-FL

| | |
|---|---|
| MICHAEL H. MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| NORTH CAROLINA STATE BAR., ) | |
| *et al.*, ) | |
| ) | |
| Defendants, ) | |
| _____ ) | |

This cause is before the Court upon Defendants' motions to dismiss (DE's-17, 22). Plaintiff has responded to these motions (DE's 24-26), and the time for filing any replies has expired. Accordingly, the matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Defendants' motions to dismiss (DE's-17, 22) be GRANTED, and that Plaintiff's Complaint (DE-1) be dismissed in its entirety.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (DE-1, ¶¶ 1, 16). The Defendants in this action are: 1) The North Carolina State Bar; 2) The State of North Carolina; and 3) several individual State Bar directors, officers, and members. Notably, Plaintiff fails to make any specific allegations against the individual State Bar directors, officers and members.

1

Plaintiff is a former North Carolina attorney whose license was suspended by the North Carolina Disciplinary Hearing Commission ("DHC"). *Id.* at ¶¶ 8-15. *See also*, (DE-20, pg. 1). The DHC held that Plaintiff, *inter alia*, made false statements under oath on his personal bankruptcy petition in violation of Rule 8.4(b) of the North Carolina Rules of Professional Conduct. *See*, McGee v. North Carolina State Bar, *et al.*, 5:04-CV-860-FL, (DE-18. pg. 3).[1] In the instant Complaint, Plaintiff alleges that he "was accused and found guilty of at least three federal crimes by the NC bar . . . [and] was denied all . . . constitutional due process protections." (DE-1, ¶¶ 5, 7). As a result of these actions, Plaintiff asserts that he has experienced "daily and continuing harm to . . . his reputation." *Id.* at ¶ 9. Specifically, Plaintiff argues that he has been "deprived . . . of his right to conduct business at his level of education and experience . . ." *Id.* He contends that "he is not challenging the decision of the [DHC] . . . [but] only . . . the underlying regulatory rules made by the defendants . . ." *Id.* at ¶ 39. Furthermore, Plaintiff believes he is "entitled to an injunction prohibiting the defendants from continuing to maintain . . . [their] administrative rules." *Id.* at ¶ 41. In addition, Plaintiff asserts "[t]he regulations which require or permit the NC Bar to label an innocent person as engaging in 'criminal conduct' have the purpose and effect of requiring or permitting the defendants to lie and otherwise make false and untrue statements regarding the plaintiff's status as a criminal." *Id.* at ¶ 47. Therefore, Plaintiff seeks the entry of a permanent injunction requiring the Defendants to, *inter alia*: 1) place under seal or destroy all copies of all "records relating in any way to" Plaintiff; and 2) "forever cease and desist from . . . maintaining any . . . regulation . . . that could in any manner be interpreted as a restraint or derogation of any constitutional right of the defendant . . ." *Id.* at pg. 12-13.

---

1 Although Plaintiff does not allege this fact in his current complaint, this and other similar facts are stated in a prior lawsuit and the Court may take judicial notice of such facts. *See*, Fed. R. Evid. 201; Philips v. Pitt County Mem'l Hosp., 572 F.3d 176,180 (4th Cir. 2009).

2

As noted above, it is difficult to ascertain the exact nature of Plaintiff's claim. Plaintiff acknowledges on the face of his Complaint that the DHC's decision is *res judicata*. (DE-1, ¶ 39). Thus, Plaintiff uses tortured language and circuitous logic to avoid its biding effect. At times, Plaintiff appears to assert that Defendants violated his rights simply by promulgating Rule 8.4(b). Read in its totality, however, Plaintiff's Complaint ultimately challenges the validity of the DHC's disciplinary action.

**This Court lacks subject matter jurisdiction to hear Plaintiff's claims**

The existence of subject matter jurisdiction is a threshold matter the Court must address before considering the merits of the case. Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). In considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp., 166 F.3d 642, 647 (4th Cir. 1999).

Defendants argue that Plaintiff's claims should be dismissed because this court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. *See*, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Together, these cases stand for the principle that, except in habeas corpus petitions, federal courts will not "sit in direct review of state court decisions." Feldman, 460 U.S. at 482-484 n.16. The proper procedure to invoke federal court review is to petition the United States Supreme Court for certiorari to review the final decision of a state court. *Id*. at 476. The Rooker-Feldman doctrine precludes lower federal courts from reviewing not only "adjudications of the state's highest court, but also decisions of its lower courts." Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 199

3

Case 5:12-cv-00227-FL   Document 27   Filed 10/02/12   Page 3 of 7

(4th Cir. 1997).

The Rooker-Feldman doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court's judgment. Feldman, 460 U.S. at 482-484 n.16. "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Shooting Point. LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004)(*quoting* Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). Rooker-Feldman applies even when a litigant alleges that a state has violated federal constitutional principles if the relief sought would require the federal court to determine that the state judgment was erroneously entered or take action that would render the judgment ineffectual. Plyler, 129 F.3d at 731 (4th Cir. 1997); Jordahl., 122 F.3d at 199.

Moreover, Plaintiff has already raised these issues in this Court. McGee v. North Carolina State Bar, *et al.*, 5:04-CV-860-FL, (DE-18). In that case, this Court dismissed Plaintiff's claims due to lack of subject matter jurisdiction. *Id.* Issues of *res judicata*, collateral estoppel, and claim preclusion are not normally at issue when a prior case is dismissed based on lack of subject matter jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). However, this Court's prior decision is still relevant. *See*, Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Plaintiff has alleged no new facts which would alter the Court's prior analysis, nor does he offer any novel legal analysis. He makes no specific factual allegations against the individual Defendants added to this Complaint. Ultimately, Plaintiff does little more than ask for a different form of relief.

4

Thus, despite Plaintiff's attempts to characterize his claims otherwise, his Complaint is simply another collateral attack on the order of discipline entered by the DHC in 2004. Plaintiff is requesting that the DHC's order be permanently removed from the public record. (DE-1, pg. 12-13). In the alternative, Plaintiff seeks a determination that the promulgation of Rule 8.4(b) was unconstitutional. *Id.* at ¶¶ 18, 33. Either action would require this Court to find that the DHC's order was erroneously entered. This is precisely the kind of collateral attack on a state judgment that the Rooker–Feldman doctrine forbids. *See*, Czura v. Supreme Court of South Carolina, 813 F.2d 644, 646 (4th Cir. 1987)(federal district court lacked jurisdiction to consider attorney's attack on state court disbarment order). Thus, Plaintiff has failed to establish subject matter jurisdiction and his complaint must be dismissed.

If the undersigned's recommendation with regard to subject-matter is not adopted, in the alternative the undersigned finds that Plaintiff's Complaint should be dismissed on its merits as well.

**Plaintiff fails to state any viable basis for relief**

Defendants also argue that Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Likewise, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to

relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679. Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability" fail to nudge claims "across the line from conceivable to plausible." Id. at 674-680.

To state a § 1983 claim, Plaintiff must show that individual Defendants, acting under color of state law, deprived him of a right secured by the United States Constitution. 42 U.S.C. § 1983. Plaintiff must identify a specific federal right that has been allegedly infringed. Albright v. Oliver, 510 U.S. 266, 271 (1994). Likewise, Plaintiff must plead facts that show each individual Defendant, "through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Here, Plaintiff's complaint is a series of rambling factual assertions. His allegations are vague and conclusory. Often he includes statements or quotations that are of no import to the claims he is attempting to establish. In the entirety of the pleading, Plaintiff alleges only a handful of actual facts. His assertion that the North Carolina State Bar disciplined him without due process is nothing more than a threadbare recital of the elements of a cause of action, supported by mere conclusory statements. These conclusory statements often appear to

6

contradict matters of public record. (DE-20-1). Plaintiff's Complaint confuses and conflates the adoption of Rule 8.4(b) by the State Bar Council with its application to his misconduct proven at trial before the DHC. With regard to several Defendants, the complaint contains no specific allegations whatsoever. *See*, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper were there were no allegations against defendants). For these reason, the undersigned recommends that Plaintiff's complaint be dismissed. Webb v. Veteran Affairs Medical Center-Salisbury, 2008 WL 4981328 (M.D.N.C. November 19, 2008)(unpublished decision)("Confused incoherent ramblings are simply insufficient to meet Rule 8(a)(2)'s requirements, regardless of the plaintiff's status")(citations omitted).

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Defendants' motions to dismiss (DE's 17, 22) be GRANTED and that Plaintiff's Complaint (DE-1) be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, October 02, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE