IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-227

| | |
|---|---|
| MICHAEL H. MCGEE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NORTH CAROLINA STATE BAR, STATE OF NORTH CAROLINA, L. THOMAS LUNSFORD II, JAMES R. FOX, M. KEITH KAPP, RONALD G. BAKER SR., and ANTHONY S. DI SANTI, | ) |
| Defendants. | ) |

This matter comes before the court on the defendants' motions to dismiss for lack of subject matter jurisdiction and failure to state a claim (DE ## 17, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court grant defendants' motions. Plaintiff timely filed objection to the M&R to which defendants responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendants' motions to dismiss are allowed.

**BACKGROUND**

A summary of the factual history of the case is found in the M&R, is not objected to by plaintiff, and is not necessary to reproduce in its entirety here. (See M&R 1-3.) The court incorporates by reference the magistrate judge's recitation of the facts.

Plaintiff's complaint stems from a North Carolina administrative hearing which culminated in the suspension of his license to practice law for violating Rule 8.4(b) of the North Carolina Rules of Professional Conduct. Plaintiff previously challenged the decision of the state to suspend his law license, and his case was dismissed by this court after hearing. McGee v. North Carolina State Bar, No. 5:04-CV-860-FL(1), 2005 WL 5404088 (E.D.N.C. June 1, 2005) (unpublished). Plaintiff now challenges the regulations which allow the North Carolina Bar to make findings related to criminal conduct and use that as a basis for disciplinary action. Plaintiff seeks to seal the state's records and findings against him, enjoin further administrative regulations against him, and to receive his costs and attorney's fees (even as plaintiff proceeds *pro se*).[1] (Compl. 12-13.)

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

---

[1]The complaint also had a claim to seal or destroy the state's records of plaintiff's administrative case. In his Objections to M&R, plaintiff withdraws his request that the findings of criminal conduct be redacted from the North Carolina Bar's decision. Plaintiff also claims that he does not seek to change the decision of the Bar. However, plaintiff also asserts in his objections that he still wishes the "state court's decision be sequestered and placed under seal." (Objections 3.)

B.   Analysis

Plaintiff raises one substantive objection to the M&R.  Plaintiff argues that the magistrate judge misconstrues his complaint as seeking to overturn the decision of the North Carolina Bar to suspend his license, when plaintiff actually seeks to make a direct constitutional challenge to North Carolina Bar Rule 8.4(b).  Therefore, plaintiff asserts, his claim is not barred by the Rooker-Feldman doctrine.[2]  After careful consideration of the arguments presented and the evidence in the record, the court overrules plaintiff's objection for the reasons set forth below.[3]

The Rooker-Feldman doctrine prohibits "lower federal courts ... from exercising appellate jurisdiction over final state-court judgments."  Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (internal quotations omitted).  It deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The test of when Rooker-Feldman applies is "whether the relief would reverse or modify the state court decree."  Adkins, 464 F.3d at 464 (internal quotations omitted).

In this case, plaintiff claims that he does not seek to reverse or modify the state court's findings.  (Objections 4.)  However, plaintiff does seek a finding that the state bar's Rule 8.4(b) is unconstitutional.  (Compl. ¶¶ 18, 33.)  As the M&R correctly asserts, that finding would necessarily

---

[2] The doctrine is named after a pair of Supreme Court cases establishing this rule, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3] Plaintiff also makes the general and conclusory argument that his complaint should not be dismissed for failure to state a claim, which this court has reviewed under the appropriate standard above.

3

require overturning the state court's determination. (M&R 5.) In response, plaintiff relies on this court's 2005 order dismissing plaintiff's previous case to assert that a constitution-based regulatory challenge is not subject to the Rooker-Feldman doctrine. (Objections 4-5.) A careful reading of said opinion indicates, however, that plaintiff has still failed to show his case is not "inextricably intertwined" with a state judicial proceeding. McGee, 2005 WL 5404088, at *4.

The Supreme Court in Feldman acknowledged that general challenges to the constitutionality of a rule, "do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding." 460 U.S. at 486. The Court also recognized, however, that constitutional challenges to state law cannot always be heard in federal court, if the "constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [claim.]" Feldman, 460 U.S. at 482; see also Guess v. Board of Medical Examiners of State of N.C., 967 F.2d 998, 1002-1003 (4th Cir. 1992) ("[P]laintiffs who lose in state court [and] recast clair claims in federal court under the guise of federal constitutional claims that were not raised or decided by the state court, [will be precluded under Feldman] if the constitutional claims are inextricably intertwined with the merits of the state court judgment."). This court already decided in 2005 that plaintiff's constitutional claims are "inextricably intertwined" with the previous state court litigation. McGee, 2005 WL 5404088, at *4-5. Therefore, defendant's objection is overruled. Finding no error, the court adopts the recommendation of the magistrate judge.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no

4

such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, and GRANTS defendants' motions to dismiss (DE ## 17, 22). The Clerk is directed to close this case.

SO ORDERED this the 30th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge